**BLD-100** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1114
_____

IN RE: ERIC J. JOHNSON,
                                             Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Crim. No. 1:12-cr-00150-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 14, 2019

Before: AMBRO, KRAUSE and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed February 22, 2019)
_____

OPINION*
_____

PER CURIAM

   Pro se petitioner Eric Johnson has filed a petition for a writ of mandamus,

requesting that we compel the District Court to rule on his pending motion for

reconsideration of the District Court's order granting partial relief on his motion for a

sentence reduction under 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we

will deny the petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

In October 2015, Johnson filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the U.S. Sentencing Guidelines, and the Office of the Federal Public Defender was appointed to represent him. In April 2016, the District Court granted Johnson's § 3582(c)(2) motion and reduced his sentence from 200 months' imprisonment to 188 months' imprisonment. On April 16, 2018, Johnson filed a motion for reconsideration of the District Court's order granting "partial relief" on his previously filed § 3582(c)(2) motion. When Johnson filed this mandamus petition, on January 16, 2019, his motion for reconsideration had been pending for nine months. Subsequently, on January 28, 2019, the District Court referred Johnson's motion for reconsideration to the Office of the Federal Public Defender for its consideration.

Mandamus is a drastic remedy available only in extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must demonstrate that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

Here, Johnson has not demonstrated that the writ is appropriate under the circumstances. Since he filed his mandamus petition, the District Court has addressed his motion for reconsideration and referred it to the Office of the Federal Public Defender.

_____

constitute binding precedent.

2

In light of the District Court's action, we are confident that the District Court will further act on his motion for reconsideration in due course.